IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| ERIC J. MORLAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-1259-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CROOK COUNTY and CROOK COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

David H. Black, Jr.
HR Juris, P.C.
1850 Benjamin Franklin Plaza
One S. W. Columbia
Portland, Oregon  97258

    Attorney for Plaintiff

Robert E. Franz, Jr.
Jason Montgomery
P. O. Box 62
Springfield, Oregon  97477

    Attorneys for Defendants

KING, Judge:

Plaintiff Eric J. Morlan, a former Corrections Deputy for the Crook County Sheriff's Department, brings a claim for wrongful discharge under Oregon law and a claim under 42 U.S.C. § 1983 alleging that he was terminated because defendants did not like his wife, in violation of his First Amendment right of association, and because he requested union representation during a drug testing procedure.

Before me is Defendants' Motion for Summary Judgment (#26). For the reasons set forth below, I grant defendants' motion.

## BACKGROUND

On October 2, 2003, Sheriff Rodd Clark appointed plaintiff as a Corrections Deputy. Plaintiff was an at will employee and served at the pleasure of Sheriff Clark, subject to the Collective Bargaining Agreement. At the time of his termination, plaintiff was a probationary employee. Article 17 of the Union Agreement provides as follows:

> Every employee hired into the bargaining unit shall serve a probationary period of one year. The Union recognizes the right of the Sheriff to terminate or discipline probationary employees for any reason, with or without cause, and any such discipline shall not constitute a violation of this contract, and shall not be subject to the grievance procedure.

Robert E. Franz, Jr. Aff., Ex. 103 at 7.

According to a memorandum from Undersheriff Jim Hensley to Sheriff Clark, on February 11, 2004 Hensley received a message from Redmond Police Officer Tracey Miller that plaintiff's wife was being held in a "mental hold room at the hospital in Redmond. The message also made some mention regarding drugs." Id., Ex. 104. The memorandum goes on to report that Hensley returned Officer Miller's call, who told Hensley that plaintiff's wife had attempted

suicide and that plaintiff was present at the time the incident occurred. Officer Miller then explained to Hensley that he had spoken with plaintiff's mother-in-law and that she had made a statement that plaintiff and his wife were "associates of a known drug user/dealer by the name of Gary Williams from the Redmond/Terrebonne area." Id. According to Officer Miller, the mother-in-law also reported that plaintiff and his wife were using controlled substances, and that she was personally aware of illegal drug use by plaintiff.

Defendants requested that plaintiff submit to a drug test and plaintiff agreed. The drug test taken by plaintiff was an invalid test because the Creatinine level was 8.2 and "anything below 20 is abnormally dilute[d]–indication of flushing." James Heit Aff., Ex. A. Plaintiff asserts he did not intentionally flush his system, but rather as a result of technician error he was required to drink water in order to provide a second sample. On February 27, 2004, Sheriff Clark, Lieutenant Bruce Fones, and County Legal Counsel Jeff Wilson terminated plaintiff without cause.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Defendants assert the decision was made to terminate plaintiff because of the indication of flushing.

Plaintiff argues that defendants terminated him because they suspected plaintiff's wife used drugs; therefore, the termination violated his freedom of association. Plaintiff does not defend his complaint on the second basis alleged–that he was terminated because he requested union representation. Accordingly, I review only whether there are material issues of fact with respect to plaintiff's freedom of association claim that preclude me from granting defendants' motion for summary judgment.

When government takes adverse employment action against an employee because of the employee's spouse, the First Amendment right of association is implicated. See Roberts v. United States Jaycees, 468 U.S. 609, 617-20 (1984), McCabe v. Sharrett, 12 F.3d 1558, 1563 (11th Cir. 1994).

Plaintiff argues the following evidence is sufficient to defeat defendants' motion for summary judgment: a Jefferson County Sheriff's Office report contains information obtained during its investigation into plaintiff's wife's attempted suicide. The report states that plaintiff's mother-in-law informed the investigating officer, "Melody has a drug abuse problem with Methamphetamine." David H. Black, Jr. Aff., Ex. 2. The report does not contain any information about plaintiff's alleged drug use. Plaintiff also points to the fact that Lieutenant Fones, who was involved in the decision to terminate plaintiff, when questioned about plaintiff's job performance, stated it was fine, with the exception of plaintiff missing one day when his wife "had a problem and was taken to the hospital." David H. Black, Jr. Aff., Ex. 1, Transcript of

Fones Conversation, 10:5-29. Finally, Lieutenant Fones explained that plaintiff was terminated because:

> He was on probation at the time. And from what I heard the information that they . . . that the sheriff had and Mr. Hensley had was that – you know it's hard for me to really remember everything at the moment – part of it was I believe there was this association with people who were involved in illegal drugs[.] I don't remember what the involvement was or anything like . . . I remember there was involvement there. You know I can't remember everything for sure, but . . . .

Id. at 2:16-46. Later, when asked what the biggest factor was in the decision to terminate plaintiff, Lieutenant Fones answered, "It was one you know the drug test and number two was the association with the people that he was associating with." Id. at 7:31-33.

Even viewing this evidence in the light most favorable to plaintiff, plaintiff is unable to show that officers in Crook County received the police report completed by officers in Jefferson County. Both Sheriff Clark and Lieutenant Fones testify that they did not receive it. Officer Miller, Undersheriff Hensley's source for the information in his memorandum to Sheriff Clark, worked for the Redmond Police Department, not the Jefferson County Sheriff's Office. More importantly, plaintiff does not explain why I should ignore the memorandum prepared by Undersheriff Hensley, reporting to Sheriff Clark that not only was plaintiff's wife suspected of using drugs, but plaintiff *himself* was suspected of using drugs and of associating with a "known drug user/dealer by the name of Gary Williams from the Redmond/Terrebonne area." Robert E. Franz, Jr. Aff., Ex. 104. Indeed, Undersheriff Hensley's memorandum is itself consistent with Lieutenant Fones' testimony set forth above. Given this evidence, plaintiff is unable to show that defendants violated his constitutional rights, or wrongfully discharged him, because of his association with his wife.

Accordingly, I find there are no material issues of fact remaining for trial.

## CONCLUSION

I grant Defendants' Motion for Summary Judgment (#26), and dismiss plaintiff's complaint with prejudice.

IT IS SO ORDERED.

Dated this  3rd  day of October, 2005.

                                        /s/ Garr M. King
                                       Garr M. King
                                       United States District Judge